UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:24-cr-282-CEM-LHP

DAVID ANDREW OGDEN

**NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, hereby files this Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, stating as follows:

**ESSENTIAL ELEMENTS**

The essential elements of Counts One through Five, production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), are the following in accordance with Eleventh Circuit Pattern Jury Instruction O82 (2024):

First:      an actual minor, that is, a real person who was less than 18 years old, was depicted;

Second:   the defendant employed or used the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

Third:     the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

The essential elements of Count Six, possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), are the following in accordance with Eleventh Circuit Pattern Jury Instruction O83.4 (2024):

First: the Defendant knowingly possessed an item or items of child pornography;

Second: the items of child pornography had been produced using materials that had been transported, shipped, or mailed in or affecting interstate or foreign commerce by any means, including by computer;

Third: when the defendant possessed the items, the defendant believed the items were child pornography; and

Fourth: the visual depiction involved a minor who had not attained 12 years of age.

## PENALTIES

The penalties for each of the offenses charged in Counts One through Five of the Indictment are a mandatory minimum term of imprisonment of 15 years up to 30 years, *see* 18 U.S.C. § 2251(e); a fine of up to $250,000, *see* 18 U.S.C. § 3571(b)(3); a term of supervised release of at least 5 years up to life, *see* 18 U.S.C. § 3583(k); and a special assessment of $100, *see* 18 U.S.C. § 3013(a)(2)(A).

The penalties for the offense charged in Count Six of the Indictment are a maximum term of imprisonment of 20 years, *see* 18 U.S.C. § 2252A(b)(2); a fine of up to $250,000, *see* 18 U.S.C. § 3571(b)(3); a term of supervised release of at least 5 years up to life, *see* 18 U.S.C. § 3583(k); and a special assessment of $100, *see* 18 U.S.C. § 3013(a)(2)(A).

Multiple terms of imprisonment may run concurrently or consecutively. *See* 18 U.S.C. § 3584.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

Pursuant to 18 U.S.C. § 2259, the Court shall order restitution to the victims of the offenses to which the defendant is pleading guilty. The Court shall also impose an additional special assessment, pursuant to 18 U.S.C. § 2259A, of no more than $50,000 for an offense involving the production of child pornography, in violation of 18 U.S.C. § 2251(a), and no more than $17,000 for an offense involving possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5).

Additionally, the defendant must forfeit property, pursuant to 18 U.S.C. § 2253, as outlined in the Indictment. The property to be forfeited includes, but is not limited to, the following: Samsung Galaxy cellphone obtained from the defendant's residence on September 8, 2024.

Under the Sex Offender Registration and Notification Act, a federal law, as a result of his convictions for the aforementioned offenses, the defendant must register and keep the registration current in each of the following jurisdictions: the location of

3

the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant must update his registrations not later than three business days after any change of name, residence, employment, or student status. Failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**PERSONALIZATION OF ELEMENTS**

**Count One**

On or about September 18, 2022, in the Middle District of Florida, and elsewhere:

1.     Was an actual minor, that is, a real person who was less than 18 years old, depicted?

2.     Did you employ or use the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, that is, an image titled "MD5: 2a11c1cdeb4ac1ed4dd309c5a52cf3cc"?

3.     Was the visual depiction produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer?

**Count Two**

On or about June 20, 2024, in the Middle District of Florida, and elsewhere:

1. Was an actual minor, that is, a real person who was less than 18 years old, depicted?

2. Did you employ or use the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, that is, a video titled "20240620_151429_1_1_1.mp4"?

3. Was the visual depiction produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer?

**Count Three**

On or about August 17, 2024, in the Middle District of Florida, and elsewhere:

1. Was an actual minor, that is, a real person who was less than 18 years old, depicted?

2. Did you employ or use the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, that is, a video titled "20240817_222004.mp4"?

3. Was the visual depiction produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer?

**Count Four**

On or about September 8, 2024, in the Middle District of Florida, and elsewhere:

1. Was an actual minor, that is, a real person who was less than 18 years old, depicted?

2. Did you employ or use the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, that is, a video titled "20240908_001958.mp4"?

3. Was the visual depiction produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer?

**Count Five**

On or about September 8, 2024, in the Middle District of Florida, and elsewhere:

1. Was an actual minor, that is, a real person who was less than 18 years old, depicted?

2. Did you employ or use the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, that is, a video titled "20240908_002027.mp4"?

3. Was the visual depiction produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer?

**Count Six**

On or about September 8, 2024, in the Middle District of Florida, and elsewhere:

1.    Did you knowingly possess an item or items of child pornography?

2.    Had the items of child pornography been produced using materials that had been transported, shipped, or mailed in interstate or foreign commerce by any means, including by computer?

3.    When you possessed the items, did you believe the items were child pornography?

4.    Did the visual depiction involve a minor who had not attained 12 years of age?

## FACTUAL BASIS

On multiple occasions between September 2022 and September 2024—including on September 18, 2022; June 20, 2024; August 17, 2024; and September 8, 2024—the defendant, David Andrew OGDEN, employed or used an actual minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depictions were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

Specifically, in the early morning hours of September 8, 2024, OGDEN entered a neighbor's apartment in Winter Park, Florida without permission. Inside, the neighbor's three minor children (Minor Victim-1, Minor Victim-2, and a sibling)

were asleep in the master bedroom. The neighbor was working outside of the residence, and an adult male roommate was asleep in a different room. OGDEN approached the bed where the children were sleeping and began to touch Minor Victim-1 and Minor Victim-2 and used his cellphone, a Samsung Galaxy phone, to record and photograph their buttocks area and genitals. OGDEN also pulled down and manipulated the underwear of Minor Victim-1 and Minor Victim-2. During this conduct, OGDEN also exposed his penis and touched himself while sniffing the buttocks area of Minor Victim-1. OGDEN's conduct was captured on surveillance through a camera that was set up inside the master bedroom.

OGDEN was arrested on September 8, 2024, on multiple state charges, and his Samsung Galaxy cellphone was recovered from his residence in Winter Park, Florida that same day. A search warrant was executed on the cellphone. The extraction revealed multiple videos of Minor Victim-1 and Minor Victim-2, which corresponded with the videos OGDEN was captured creating through the bedroom surveillance video. Below are descriptions of two of those videos from OGDEN's phone, with one involving Minor Victim-1 and one involving Minor Victim-2:

File Title:   20240908_001958.mp4 (Count Four)

Created:   September 8, 2024

Description: The video is approximately 18 seconds in length. The video is of a 6–8 year old female child who is asleep laying on her stomach. The child's underwear are pulled down exposing her vagina to the camera. An adult male's hand is observed manipulating the child's buttocks to expose the child's anus and the vagina.

File Title:   20240908_002027.mp4 (Count Five)

Created: September 8, 2024

Description: The video is approximately 8 seconds in length. The video is of a 6–8 year old female child who is asleep laying on her stomach. The child's underwear are pulled down exposing her vagina to the camera. An adult male's hand is observed manipulating the child's buttocks to expose the child's anus and vagina.

A forensic review of OGDEN's cellphone revealed additional child sexual abuse material (CSAM) of other minors who had not attained 12 years of age (Minor Victim-3 and Minor Victim-4) that OGDEN produced using the cellphone. Below are three of the files that were recovered, among others:

File Title: MD5: 2a11c1cdeb4ac1ed4dd309c5a52cf3cc (Count One)

Created: September 18, 2022

Description: Clip from a video of a female child less than 12 years of age filmed as she is changing into a bathing suit. In the clip, the child's vagina is visible, and the focus is on the child's vagina.

File Title: 20240620_151429_1_1_1.mp4 (Count Two)

Created: June 20, 2024

Description: A slow-motion video of another female child less than 12 years of age filmed as she is changing into a bathing suit. In the video, the child's vagina, breasts, and buttocks are visible.

File Title: 20240817_222004.mp4 (Count Three)

Created: August 17, 2024

Description: The video is approximately 27 seconds in length. The video is of a 6–8 year old female child. The child is asleep in bed laying on her stomach. In the video an adult male's hand is visible pulling down the child's underwear showing her vagina and anus. The male uses his hand to spread the child's vagina and anus apart.

In addition to the images and videos involving actual minors, some of which are described above, the forensic review of OGDEN's cellphone revealed over 1,000 AI-generated CSAM images and 10 AI-generated CSAM videos, some of which portrayed the rape of children between the ages of 2 and 6 as well as other images showing infants and bondage.

Based on the contents of OGDEN's cellphone recovered following his arrest on September 8, 2024, OGDEN knowingly possessed CSAM images produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, and the CSAM images included prepubescent minors and minors who had not attained 12 years of age.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:  /s/ Sarah Megan Testerman
Sarah Megan Testerman
Assistant United States Attorney
Florida Bar No. 0124884
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail: megan.testerman@usdoj.gov

**U.S. v. DAVID ANDREW OGDEN**       **Case No. 6:24-cr-282-CEM-LHP**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 18, 2025, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Katherine Puzone, Esq.
Attorney for Defendant

/s/ Sarah Megan Testerman
Sarah Megan Testerman
Assistant United States Attorney
Florida Bar No. 0124884
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail: megan.testerman@usdoj.gov